FILED
CHARLOTTE, N.C.

AUG 2 5 2000

U.S. DISTRICT COURT
W. DIST. OF N.C.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CASE NO.: 3:00 CV 294 MU**

| | | |
|---|---|---|
| EDWARD ANDERSON | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | **MEMORANDUM OF LAW IN SUPPORT OF** |
| v. | ) | **DEFENDANT LEVINE PROPERTIES, INC.'S** |
| | ) | **MOTION TO DISMISS PURSUANT TO RULES** |
| GARBAGE DISPOSAL SERVICE | ) | **9, 12(b)(1) and 12(b)(6) OF THE FEDERAL** |
| REPUBLIC SERVICES, INC., DAVE | ) | **RULES OF CIVIL PROCEDURE** |
| BAVACQUA, FRANK ROCCO, | ) | |
| ELIJAH SHAW, TOBY ROADCAP, | ) | |
| LEVINE PROPERTIES, INC. | ) | |
| | ) | |
|     Defendants. | ) | |

Defendant Levine Properties, Inc. (hereinafter "Levine Properties") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rules 9, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### STATEMENT OF THE CASE

Plaintiff filed a Complaint against the above-named Defendants on June 16, 2000. Plaintiff served Levine Properties with an Amended Compliant on August 4, 2000. Plaintiff and each of the named Defendants are citizens and residents of the State of North Carolina. Plaintiff pleads as much.

Plaintiff seeks relief from Garbage Disposal Service ("GDS"), Republic Services, Inc. ("RSI"), Dave Bavacqua and Frank Rocco under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff seeks relief from Elijah Shaw and Levine Properties for alleged "defamatory and fraudulent" statements made by them.



Plaintiff alleges that he was employed by GDS as a front-loader sanitation truck operator. *Amended Complaint ¶ 6-7.* Levine Properties was at one time a customer of GDS. Plaintiff alleges that while he was employed by GDS, Levine Properties communicated "fraudulent claims of missed trash pickups" to GDS. In support of that claim, Plaintiff attached to his Amended Complaint a one page facsimile cover sheet prepared by Levine Properties and delivered to GDS which states as follows:

> The dumpster at 9305 Monroe Road wasn't picked up yesterday 8/30. The label on the dumpster was marked for both days 8/30 & 8/31 but didn't get picked up both days. We have also experienced problems with our 2nd pickup at Galleria the past few weeks. The dumpsters at 8514 are getting picked up later than before.

*Exhibit E to Plaintiff's Complaint.*

Plaintiff contends that Levine Properties made these statements "knowingly, willfully, and not merely inadvertently, and with the express intent to commit fraud and to deceive Plaintiff. Levine Properties, called into Defendant, GDS vexatious and fraudulent claims of missed trash pickups by Plaintiff." *Amended Complaint ¶ 20.* Plaintiff alleges on the one hand that GDS terminated him because of these statements (which make no mention of him) and on the other hand, because he is black.

Although Plaintiff's claims against GDS, RSI, Bavacqua and Rocco arise under federal law (Title VII), Plaintiff's claim against Levine Properties does not. There is no diversity of citizenship and no basis for supplemental jurisdiction. Plaintiff's Complaint against Levine Properties, therefore, must be dismissed.

## LEGAL ARGUMENT

28 U.S.C. § 1331 states that:

> "The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

In pertinent part, 28 U.S.C. § 1332(a)(1) provides:

> "The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between -
>
> (1)     Citizens of different states;

28 U.S.C. § 1332(a)(1).

In pertinent part, 28 U.S.C. § 1367 provides as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action in which district courts have original jurisdiction, the district courts will have supplemental jurisdiction over all other claims that are so related to claims and the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a)

Plaintiff's only claim against Levine Properties is for defamation. It arises under state law and should be dismissed for three reasons. First, this Court does not have supplemental jurisdiction over Plaintiff's state law claim. Second, Plaintiff's complaint fails to state a claim for which relief can be granted. Finally, Plaintiff's allegation against Levine Properties fails to comply with Rule 9 of the federal Rules of Civil Procedure. Levine Properties' Motion to Dismiss is properly before the Court.

Case 3:00-cv-00294-GCM   Document 15   Filed 08/25/00   Page 3 of 9

**I**  **This Court Does Not Have Supplemental Jurisdiction Over Plaintiff's Claim Against Levine Properties.**

The test for determining whether state and federal claims form part of the same constitutional case or controversy is set forth in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is [a federal claim], and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.... The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*Id.*, 383 U.S. at 725 (citations and footnotes omitted). Accord *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir.1997).

Factors to consider when determining whether to retain supplemental jurisdiction over state law claims include "convenience and fairness to parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Semple v. City of Moundsville*, 195 F.3d 708, (W.Va. 1999).

Plaintiff's state law claim against Levine Properties involves substantially different facts from his claims asserted against the other Defendants under Title VIII. There is absolutely no 'relationship' between the federal and state law claims. In fact, the claims are contradictory and inconsistent.

Plaintiff was either terminated because of his race, or based on the allegedly defamatory statements made by Levine Properties. The facts surrounding his

4

termination on racial grounds are not related to the facts surrounding Levine Properties allegedly defamatory statements. The defamation claim has no underlying issues of federal policy or comity. Plaintiff's state law claim of defamation and federal claim under Title VII do not "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725.

Finally, by affidavit, GDS establishes that Plaintiff released GDS from all claims "related to his employment with GDS..." *See GDS Memorandum of Law, p. 14.* If this court dismisses Plaintiff's federal claims against GDS, RSI, Bavacqua and Rocco, then there are no underlying federal claims with which to establish supplemental jurisdiction. *See, Pesso v. Montgomery General Hosp.*, 181 F.3d 90, (W.Va. 1999) (having affirmed the dismissal of all federal claims, the district court did not abuse its discretion by refusing to exercise supplemental jurisdiction over the remaining state law claims).

Because Plaintiff's defamation claim has no underlying issue of federal policy or comity; and because Plaintiff's state law claim of defamation and federal claim under Title VII do not derive from a common nucleus of operative fact, Plaintiff's complaint against Levine Properties must be dismissed.

## II. Plaintiff's Claims Against Levine Properties Fail to State a Claim For Which Relief Can Be Granted and, therefore, Should Be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In *Martin Marietta Corporation vs. Wake Stone Corporation*, 101 N.C.App. 269, 432 S.E.2d 428 (1993), the North Carolina Court of Appeals held that -

> A publication is libelous *per se*, or actionable *per se*, if, when considered alone without innuendo: (1) it charges that a <u>person</u> has committed an infamous crime; (2) it charges a <u>person</u> with having an infectious disease; (3) it tends to subject <u>one</u> to ridicule, contempt or disgrace; or (4) it tends to impeach <u>one</u> in his trade or profession.

*Id.,* 432 S.E.2d at 433 (emphasis added, quoting *Ellis vs. Northern Star Co.,* 326 N.C. 219, 224, 388 S.E.2d 127, 130 (1990)). "Defamatory words to be libelous *per se* must be susceptible of but one meaning and of such nature that the Court can presume as a matter of law that they tend to disgrace and degrade the party, hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided. *Renwick vs. New and Observer Publishing Co.,* 310 N.C. 312, 317-18, 312 S.E.2d 405, 409, *cert. denied.* 310 N.C. 749, 315 S.E.2d 704 (1984).

Although Plaintiff alleges that Levine Properties made defamatory statements about him, the statement complained of (Exhibit E) to Plaintiff's Complain) fails to make any mention of Plaintiff -- it merely complains that Levine Properties trash was not picked-up. Levine Properties' announcement of missed trash pick-ups, when viewed within its four corners and stripped of all innuendo and explanatory circumstances, is not of such a nature that it tends to disgrace and degrade Plaintiff or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided. Finally, since Levine Properties statement makes no mention of Plaintiff, it cannot tend to impeach him in his trade or profession. The alleged statement, therefore, is not libelous *per se.*

Publications which are not obviously defamatory, but which become so when considered in connection with innuendo, colloquium and explanatory circumstances are considered libel *per quod. See, Flake vs. News Co.,* 212 N.C. 780, 195 S.E. 55 (1938).

Under a *per quod* theory, there must be a publication or communication knowingly made by the Defendant to a third person. The publication must have been

6

intended by Defendant to be defamatory and had to be understood as such by those to whom it was published. *Raymond U. vs. Duke Univ.,* 91 N.C. App. 171, 371 S.E.2d 701 (1988).

Plaintiff complaint fails to allege that any Defendant understood Levine Properties' statements as being defamatory against Plaintiff. Plaintiff's Complaint against Levine Properties, therefore, fails to state a claim for which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. Plaintiff's Allegations of "Fraud" Against Levine Properties Fail to Satisfy Rule 9 of the Federal Rules of Civil Procedure.

In pertinent part, Rule 9 of the Federal Rules of Civil Procedure states as follows:

> (b) **Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity....

*Federal Rules of Civil Procedure, Rule 9(b).*

To prove fraud, the evidence must show (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which did in fact deceive, and (5) resulted in damage to the injured party. *Leftwich v. Gaines*, 134 N.C.App. 502, 521 S.E.2d 717, 722 (1999). It is axiomatic that the recipient of the false representation, the person deceived and the person damaged are one in the same.

Plaintiff fails to allege that: (1) Levine Properties made any statement to him; (2) he relied on any statement made by Levine Properties or that the statement was made with the intent to deceive; or (3) Levine Properties intended to deceive him.

7

Plaintiff's Amended Complaint alleges that Levine Properties made false representations to GDS and/or RSI. Plaintiff has no standing to bring a claim for fraud.

## CONCLUSION

This Court lacks jurisdiction over Plaintiff's Complaint against Levine Properties. There is no basis to find supplemental jurisdiction. Moreover, Plainitff's Complaint against Levine Properties fails to satisfy Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Complaint against Levine Properties must be dismissed.

This the 25th day of August, 2000.

JAMES, McELROY & DIEHL, P.A.

John R. Buric
NC Bar No. 22688
600 South College Street
Charlotte, North Carolina
(704) 372-9870
Attorneys for Defendant
Levine Properties, Inc.

8

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendant Levine Properties, Inc.'s Memorandum of Law in Support of its Motion to Dismiss Pursuant to Rules 9, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure** has this date been served upon Plaintiff by depositing a copy of same in the United States Mail, sufficient postage prepaid, addressed to the Plaintiff as follows:

> Mr. Edward Anderson
> RT. 5, Box 189
> Wadesboro, NC 28170
>
> Patricia T. Munchel, Esquire
> Parker, Poe, Adams & Berstein, LLP
> First Union Capitol Center
> 150 Fayetteville, Street, Suite 1400
> Raleigh, NC 27602-0389

This the 25th day of August, 2000.

> JAMES, McELROY & DIEHL, P.A.
>
> John R. Buric
> 600 South College Street
> Charlotte, North Carolina 28202
> (704) 372-9870
> Attorneys for Defendant
> Levine Properties, Inc.