IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:00-00-CV-294-MU

EDWARD ANDERSON,

    Plaintiff,

v.

GARBAGE DISPOSAL SERVICE
REPUBLIC SERVICES, INC.,
DAVE BAVACQUA, FRANK ROCCO
ELIJAH SHAW, TOBY ROADCAP,
LEVINE PROPERTIES,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT LEVINE PROPERTIES' AND TOBY ROADCAP' RULE 9, 12(B)(1), AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT.**

Plaintiff, Edward Anderson, (hereinafter "Plaintiff") submits this memorandum of law in Support of his Response and Opposition to Defendant Levine Properties, and Toby Roadcap(hereinafter "Defendants')Rule 9, 12(b)(1), and 12(b)(6) Motion to Dismiss Plaintiff's amended complaint.

### STATEMENT OF THE CASE

Plaintiff filed a Complaint against the aboved named individual Defendants on or about June 16, 2000. Plaintiff served Defendants' Levine Properties and Toby Roadcap with his amended Complaint on or about August 4, 2000. Defendants' Respond and Plead as much. Plaintiff and each of the named Defendants' upon information and belief are citizens and residents of the State of North Carolina. The defendants' Levine Properties and Toby Roadcap Plaintiff, alleges engaged in Fraud and made Defamatory Allegations regarding Plaintiff in connection with Plaintiff's employment with the Defendant, Garbage Disposal Service("GDS") while employed as a Garbage Collector on Route (41).

Defendants' on the one hand claim Plaintiff allegations of fraud (which they do not, and cannot deny) allegedly fails to satisfy Rule 9 of the Federal Rules of Civil Procedure and on the other hand claim this Court does not have Jurisdiction over Plaintiff's Federal

action. Defendants' even make mention of a "settlement release" as part of their defense to the Plaintiff's amended Complaint which they have absoulutly no knowledge of as a way to escape their acts of fraud and defamatory statements in connection with that fraud which has been documented. The defendants' response makes absoulutly no mention of Defendant, Toby Roadcap, further, the defendant' either engaged in fraud and made otherwise defamatory and untruthful allegations against plaintiff which had adversly effected plaintiff's employment and was the causual link to that adverse action, (which again they do not and cannot deny),or they did not, here lies that fact that contrary to the claims of the defendants' Plaintiff at this point, does not carry the burden to prove that the defendant's engaged in fraud and otherwise made defamatory and untruthful statements concerning plaintiff which affected his employment adversly, but the burden is shifted upon the defendant' to show to this Court that they did not engage in fraud or otherwise made such statements complained of in plaintiff's amended complaint.

## ARGUMENT

**DEFENDANT' USE, REFERENCE, AND MENTION OF A "RELEASE" BY PLAINTIFF AS A DEFENSE TO THE PLAINTIFF' AMENDED COMPLAINT IS IRRELEVANT, IMMATERIAL AND HAS NO BEARING ON THE ISSUES THEREFORE, SHOULD BE STRICKEN FROM DEFENDANT' RESPONSE TO PLAINTIFF' AMENDED COMPLAINT BY THE COURT.**

Plaintiff, Edward Anderson, has not released any of the defendant' with respect to any and all claims and for this reason the defendant' Levine Properties, and Toby Roadcap' reference, or mention thereof to any release should be stricken from the record and answer as if it had never existed.

Pursuant to Art.1 1B-4, when a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or same wrong act:

(1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful act unless its terms so provide.

The Defendant' cannot show to this Court that the terms of the alleged "release" provided for the release of "Levine Properties, or Toby Roadcap, moreover, the defendant' do not state that plaintiff gave them a copy of the alleged **"release"** let alone that it was given in good faith, obviously had this been the case there would be no action commenced against defendant, Levine Properties, or Toby Roadcap, rather the intent of the defendant' and its counsel appears clear and without doubt, by including the alleged **"release"** as part of their defense to the allegations contained in the amended complaint, this gives them a false sense that such an attempt will assist them in avoiding the consequences of their fraudulent acts and the false and defamatory statements they have made against plaintiff. Defendant' also appear by their attempted use of the alleged **"release"** have contradicted themselves, and at some point will find that they must plead

the doctrine of "Contribution" against the co-defendant' for the defendant' to be entitled to a verdict reduction should the Court or Jury rule in favor of plaintiff. *Cox v. Robert C. Rhein Interest, Inc.*, 100 N.C. App. 584, 397 S.E. 2d 358 (1990). Plaintiff states for this reason as well as those stated above, the defendant' reference to, and use of the alleged "release" as a defense is irrelevant, immaterial, has no bearing on the allegations against the defendant' alleged by plaintiff in the amended complaint, and for this reason should be stricken from the record as if it never exsisted.

### 28 U.S.C. 1332

The defendant' and its counsel spend virtually all of their time in their response to plaintiff's amended complaint, arguing the "Jurisdiction" issue in lieu of a valid defense against plaintiff evidence supported allegations, such an argument hardly justifies a Rule 12(b)(6) motion to dismiss plaintiff's complaint, in fact the defendant's contradict themselves that on one hand, they claim plaintiff action against them is of the wrong "Jurisdiction", and on the other hand, claim plaintiff fails to state a claim. It is black letter law that a Plaintiff may rely upon both Federal and non Federal grounds for the relief sought in a complaint filed in Federal Court, if plaintiff joins a Federal Claim with a State law claim based on closely related or identical conduct of the defendant' the Federal Courts have jurisdiction to hear and determine State law claims as well as those arising under Federal law. Pursuant to 28 U.S.C. 1332, which clearly states that:

Pendant Jurisdiction in diversity action attaches to claim, if claim is so closely related to subject matter being adjudicated that considerations of judicial economy and fairness to litigants require assumption of juridiction. *Lynch v. Porter,* **C.A.8 (Ark)446 F.2d 225, certiorari denied 92 S. Ct. 711, 404 U.S. 1047, 30 L. Ed. 2d 739 (1971).**

Plaintiff shows that taking the defendants "Jurisdiction" argument to the logical extreme that would be most favorable to the defendant' in which they hope this Court will use their otherwise weak defense as a way to dismiss plaintiff amended complaint, this does allow the defendant' to avoid or otherwise escape the consequences of their action because according to the defendant' and its counsel, where plaintiff "allegedly" improperly asserted subject matter "Jurisdiction" ( Defendant' Legal Argument P. 3 - 4) an appeal on dismisal of the complaint could be heard on merits by the Court of Appeals on condition that plaintiff file, within ten days, a proper amendment alleging diversity jurisdiction. *Miller v. Davis,* C.A.6 (Ky.)507 F.2d 308 (1974). Thus, even if plaintiff's complaint is dismissed based on the "Jurisdiction" argument of the defendant' which clearly it should not, a plaintiff should not be denied right to amend when "Jurisdiction" is questioned either by Court or by parties to action **(Defendant' Levine Properties, and Toby Roadcap)**, but when Court calls plaintiff's attention to defective allegation as to citizenship or "Jurisdiction" and affords opportunity to amend, which is not availed of, and further invites plaintiff's evidence showing "Jurisdiction" at a seperate hearing for that purpose, but no proof has been submitted, plaintiff's right to amend and submit proof has been exhausted. *Harris v. American Legion,* **D.C.Ind. 162 F. Supp. 700, affirmed 261**

F.2d 594(1958). Defendant' argument on the "Jurisdiction" issue necessarily fails, and for this reason as well as those herein stated above their Motion to dismiss plaintiff's amended complaint using Federal Rule of Civil Procedure Rule 9, 12(b)(1), and 12(b)(6) should be denied. The defendant' argument falls short of successfully using the "Jurisdiction" argument to dismiss plaintiff' complaint in that not only does defendant' argument appear contradictory, in that, if a federal question is presented, element of diversity is irrelevant and immaterial, because in diversity cases the "Jurisdiction" of the federal Court depends entirely upon the character of the parties, but in federal question cases such as the one filed by the plaintiff, "Jurisdiction" depends solely on the character of the case, and lack of diversity does not defeat "Jurisdiction". *Rank v. Krug*, **D.C. Cal. 142 f. Supp. 1. (1956).** It should be noted that the defendant' motion to dismiss plaintiff's amended complaint should be denied, in part, because the defendant' and its counsel purport that they are entitled to a dismissal of the complaints against them and use, and otherwise refer to 28 U.S.C. 1331, as a means of attempting to accomplish this, however, the defendant' make absoulty no mention that they would, or have been prejudiced on grounds that plaintiff "allegedly" failed to plead this section, which defendant' contend gives district court "Jurisdiction" stating further, the defendant' have not shown that they are, or were prejudiced by failure of plaintiff, to "allege" jurisdiction under this title. *Wren V. State of Kan.* **D.C.C Kan. 561 F. Supp. 1216 (1983).**

The defendant' by and through counsel made statements in their response to plaintiff's amended complaint, and that those statements are binding upon the defendant' Levine Properties, and Toby Roadcap under North Carolina law as if they themselves made said statements, thus in reviewing the response of the defendant' to plaintiff's amended complaint it should be noted that the defendant' acknowledge that plaintiff has iniated or caused to be initiated a Federal claim more specifically under Title VII, thus, when a claim is alleged to arise under the Constitution of the United States or the laws thereof, federal district court must entertain suit execept when alleged claim appears to be inmmaterial and made for the purpose of obtaining "Jurisdiction" or where it is wholly insubstantial and frivolous. *Bela Seating Co. v. Advance Transp. Co.*, **D.C. 344 F. Supp. 854.(1972).** *Bardon v. U.S.*, **D.C. Ohio294 F. Supp. 797, affirmed 403 F.2d 713. (1967).** Defendant' do not allege in their response to plaintiff's amended complaint that (1). Plaintiff's claim is immaterial, (2). that it is insubstantial, and (3). they certainly do not allege plaintiff's complaint is frivolous, to the contrary they merely seek to have plaintiff's amended complaint dismissed using the issue of "Jurisdiction" redundant as it appears, this can hardly support the defendant' defense against documented evidence let alone support a motion to dismiss for this reason alone, the defendant' motion to dismiss plaintiff's amended complaint should be denied.

### DEFENDANT' LEVINE PROPERTIES AND TOBY ROADCAP WILLFULLY AND MALICIOUSLY ENGAGED IN FRAUD AND MADE FALSE AND DEFAMATORY STATEMENTS AGAINST PLAINTIFF.

The defendant' and their counsel using Rule 9 (b), of the Federal Rules of Civil Procedure somehow would suggest and have suggested or otherwise alleged that the

plaintiff does not state a claim for fraud against the defendant' Levine Properties and states as follows:

> Plaintiff fails to allege that: (1) Levine Properties made any statement to him; (2) he relied on any statement by Levine Properties or that the statement was made with the intent to deceive; or (3) Levine Properties intended to deceive him.

The defendant' counsel obviously will find that they have been misinformed and misled by the defendant' account of the facts regarding statements made to plaintiff in response to the defendant' fraud, in that on or about December 17, 1999, defendant, Toby Roadcap specifically stated to plaintiff that he was aware that other busineses at 8514 McAlpine Park Dr. in Charlotte North Carolina, threw trash in front of the two dumpster(s) belonging to defendant, "GDS" and serviced by plaintiff, defendant, Toby Roadcap further stated that he would provide the plaintiff with a letter showing that plaintiff was not responsible for allegations of missed trash pickups, and that Toby Roadcap further informed plaintiff that he needed to check with his boss first before any letter could be provided to the plaintiff.

At all relevant times plaintiff relied on this statement, and the promise by defendant, Toby Roadcap who at all times was acting as an agent for defendant, Levine Properties, that he would be provided the letter clearing plaintiff of any wrong doing. Plaintiff returned to the defendant, Levine Properties, and spoke with defendant, Toby Roadcap approximately one week later, at which time he advised plaintiff, that he was not going to provide plaintiff with the letter, obviously it became apparent to the defendant', Levine Properties and Toby Roadcap that plaintiff was investigating their fraud and false statements regarding plaintiff and therefore decided not to provide plaintiff with said letter. Plaintiff, thus, shows to the Court that the defendant' contention that the defendant, Levine Properties did not make any statements to, or promises thereof to the plaintiff is false and misleading. Moreover, in support of his allegations, plaintiff attaches to this memorandum of law defendant, Toby Roadcap personal business card given to plaintiff on this day, as a result of the conversation between the plaintiff and defendant, Toby Roadcap, for this reason the defendant' motion to dismiss plaintiff amended complaint using Rule 9 (b), 12(b)(6), and 12(b)(1), of the Federal Rules of Civil Procedure should be denied.



*Toby Roadcap*



## DEFENDANT' LEVINE PROPERTIES, AND TOBY ROADCAP CONTEND PLAINTIFF' NAME WAS NOT MENTIONED AND THEREFORE, ALLEGE THAT NO CLAIM FOR DEFAMATION OF PLAINTIFF'S CHARACTER EXISTS AGAINST THE DEFENDANT'. (PARAGRAPH (2) PAGE -6 ).

The defendant' and its counsel purport that defendant, Toby Roadcap' fax written on official stationary of Levine Properties, makes no mention of plaintiff or plaintiff's name (Paragraph 2, P -6), as if to say that the defendant' Levine Properties, and Toby Roadcap merely informed the defendant, Garbage Disposal Service("GDS"), that their (Levine Properties) dumpster(s)was not serviced on the days indicated upon the labels affixed thereto, first, it should be noted that the defendant' readily admit to this Court that a "Label" was attached to the dumpster(s) in question, but do not state for which purpose said label(s) were attached, second, the defendant' admit that the days of August 30, and 31st, were physically written thereon.

Thus plaintiff brings scenario' one and two into play to show this Court that 1). label's are not normally attached to trash dumpster(s) by any "GDS" garbage collector, including plaintiff, if it was not determined by those employees, including plaintiff, that the customer serviced at that time did not engage in fraud, meaning calling into the defendant, Garbage Disposal Service("GDS") fraudulent claims of missed trash pickups with the intent to deceive. In fact, reference to the plaintiff exhibits attached to his amended complaint shows that even the defendant employer, Garbage Disposal Service("GDS"), instructed the plaintiff to "tag" it's customers dumpster, including Levine Properties. 2. The defendant' then claimed that "both" days (two) (2), the dumpster was not serviced, thus plaintiff shows to the Court that he was the only "GDS" garbage collector employee assigned to Route 41, and assigned to service defendant, Levine Properties, on "both" two (2), days. Therefore, in order for the defendant' argument to survive that defendant, Toby Roadcap' defamatory fax was not "directed" towards plaintiff, the defendant' as well as the defendant employer must show and prove that someone other than the plaintiff serviced this defendant on these days, this they cannot and will not be able to do, therefore, if only the plaintiff had serviced the defendant, Levine Properties on these two (2) days, and neither defendant' can prove to this Court otherwise, then it would be quite redundant to suggest that the defendant' fax was not directed towards plaintiff, or that plaintiff's performance as a garbage collector was not affected, or otherwise brought into question by said fax, thus the defendant' argument in this regard will fail. Taking the defendant' argument that the fax did not mention plaintiff, to its logical extreme, the defendant' Levine Properties, made a "representation" to the defendant, "GDS", which stated that their dumpster(s), were not properly serviced thus, a "representation" is anything which proceeds from the conduct of the party charged, in this case the plaintiff, which is sufficient to create upon the mind of the recipient(s), ("GDS"), and Frank Rocco, a distinct impression of facts conducive of the action. *Hadad v. Lewis,* **382 F. Supp. 1365**

(E.D. Mich. 1974), applying Michigan law Rule recognized. *State v. American News Co.*, 152 Conn. 101, 203 A 2d 296 (1964). *Sullivan v. Ulrich*, 326 Mich. 218, 40 N.W. 2d 126 (1949). Rule stated. The defendant fraudulently concealed the fact that the house purchased by plaintiff was infested with termites and the defendant misrepresented facts in that regard. Case remanded for assessment of plaintiff's damages. Here, as in the above noted case the defendant, Levine Properties fraudulently concealed the fact that other adjoining businesses threw their trash in front of their dumpster(s)(which is supported by physical evidence), making it appear that plaintiff was not servicing their dumpster(s), or did not service it's dumpster(s)all the while the defendant, Levine Properties knew of this fact or should of known of this fact, but failed to inform the defendant, "GDS" of this fact, thus they had willfully made a false "representation" to the plaintiff's employer, "GDS". which constitutes fraud because by not disclosing this fact it was designed to deceive, and did deceive, and for this reason the defendant' motion to dismiss plaintiff's amended complaint using Federal Rules of Civil Procedure Rule 9(b), 12(b)(6), and 12(b)(1), should be denied.

The defendant' contention that the defamatory fax sent to "GDS", by defendant, Toby Roadcap did not mention plaintiff's name so therefore no defamation exists, such a defense is outrageous at best, while false representations generally consist of verbal or written statements, *Duffy v. Lingren*, 117 N.H. 521, 374 A. 2d 1175 (1975). A false representation in words is not essential , (plaintiff's name),for the assertion (Fax) may be inferred by the Courts from the circumstances tantamount to a positive statement. For example, the defendant' claim their dumpster(s) were not serviced on August 30th, and 31st, the plaintiff who is normally assigned to service the defendant' dumpster(s), is charged with failing to do so, a letter of complaint is sent to the plaintiff's employer, stating that plaintiff failed to service the dumpster(s), but in the letter there is no mention of the plaintiff's name, based upon the circumstances, and the fact that no other employee but the plaintiff was assigned to that defendant, on both days, and that it could not be proven by the defendant' that another employee serviced the defendant, Levine Properties, the Courts will assert that the letter was directed to and pointed to the plaintiff assigned to that route, because the plaintiff who is charged is under no burden of proof to show that he did service the dumpster(s) but the defendant, Levine Properties, bears the burden of proving that plaintiff did not. For this reason with supporting Exhibits, defendant' motion to dismiss plaintiff's amended complaint should be denied.

### DEFENDANTS DEFAMATORY STATEMENTS WERE UNDERSTOOD IN A DEROGATORY MANNER BY THE DEFENDANT' GARBAGE DISPOSAL SERVICE ("GDS"), AND FRANK ROCCO, AND SUBJECTED PLAINTIFF TO DISGRACE, RIDICULE, AND IMPEACHED HIM IN HIS PROFESSION AS A GARBAGE COLLECTOR.

The defendant' have argued that : Under a *per quod* theory, there must be a publication or communication knowingly made by the defendant, Levine Properties to a third person, ("GDS"), and Frank Rocco. The publication must have been intended by defendant, Levine Properties, to be defamatory and had to be understood as such by those,

("GDS"), and Frank Rocco, to whom it was published.

Plaintiff shows to the Court by the hereto attached Exhibits, that (1). a publication (fax), was made by defendant, Levine Properties,(2). The publication (fax), was intended to be defamatory; and (3). Defendant' ("GDS"), and Frank Rocco, understood the defendant' publication (fax) as defamatory. For this reason, and by reason of the plaintiff supporting Exhibits, (A) and (B), the defendant' motion to dismiss plaintiff's amended complaint should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff, Edward Anderson, respectfully moves, and further prays to the Court that the Defendant' Levine Properties Motion to dismiss plaintiff amended complaint be denied, and that plaintiff be allowed to prove his claims to this Honorable Court and that he be allowed to proceed to trial by jury.

This the 6th day of September, 2000.

By: _____
Edward Anderson
(Plaintiff, *Pro,se*)
Route 5 Box 189
Wadesboro, N.C. 28170
(704) 994-3686
(704) 968-3536

## CERTIFICATE OF SERVICE

I the undersigned hereby certify that the forgoing Memorandum of Law in Support of the Plaintiff' Response and Opposition to Defendant, Levine Properties, Motion to Dismiss Plaintiff' amended complaint, was served upon the below named parties to this action, on September 6th, 2000, by depositing a copy of the document properly addressed to the below named individuals postage fully prepaid, in an official depository under the exclusive control and custody of the United States Postal Service, before the hour of 5:00PM.

John R. Buric
600 S. College Street
Charlotte, N.C. 28202
Attorney for Levine Properties

Patricia T. Munchel
Parker, Poe, Adams,& Bernstein
Post Office Box 389
Raleigh, North Carolina 27602-0389
Attorney for Garbage Disposal Service

_____
Edward Anderson
(Plaintiff, *Pro, se*)
Route 5 Box 189
Wadesboro, North Carolina 28170
(704) 994-3686
(704) 968-3536