IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:00-CV-294-MU

FILED
CHARLOTTE, N. C.

SEP 26 2000

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| EDWARD ANDERSON, ) | |
| Plaintiff, ) | |
| v. ) | **REPLY OF DEFENDANTS GARBAGE DISPOSAL SERVICE, REPUBLIC SERVICES, INC., BEVACQUA AND ROCCO TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| GARBAGE DISPOSAL SERVICE ) REPUBLIC SERVICES, INC., ) DAVE BEVACQUA, FRANK ROCCO, ) ELIJAH SHAW, LEVINE PROPERTIES, ) | |
| Defendants. ) | |

Defendants Garbage Disposal Service ("GDS"), Republic Services, Inc. ("Republic"), Bevacqua and Rocco (collectively referred to as "Defendants" or "GDS Defendants") hereby reply to the Plaintiff's untimely Memorandum of Law in Support of Plaintiff's Response and Opposition to Defendants GDS, Republic, Bevacqua and Rocco's 12(b)(6) Motion to Dismiss ("Plaintiff's Response").

I. INTRODUCTION

In his Response, Plaintiff has not presented any argument sufficient to defeat Defendants' Motion to Dismiss. In fact, Plaintiff's Response consists mainly of additional factual allegations that should be deemed irrelevant to the 12(b)(6) analysis. Plaintiff has already had sufficient opportunity to state his factual allegations. He has already filed a detailed, 73-paragraph Complaint and a significantly modified, 102-paragraph Amended Complaint. Furthermore, Defendants note that in light of the pending Motion to Dismiss, Defendants have no obligation to admit or deny any of

RAL:204708.1



Plaintiff's factual allegations. For purposes of the motion to dismiss, the factual allegations of the Amended Complaint are accepted as true. Consequently, Defendants will not address each and every one of Plaintiff's contentions but instead, will attempt to address any issue raised by Plaintiff that may appear to be relevant to the analysis of Plaintiff's claims pursuant to Rule 12(b)(b).

## II. ARGUMENT

### A. <u>Plaintiff Has Not Stated a Claim for Fraud</u>

In response to Defendants' argument that Plaintiff has not stated a claim for fraud, Plaintiff states, among other things, that:

- "'GDS' acted upon the defamatory fax sent by defendant, Toby Roadcap [an employee of Levine Properties], and that the fax in question was linked to the fraud of defendant, Levine Properties ...."

- "'GDS', did not take any action after plaintiff and other 'GDS' garbage collector employees complained of 'GDS' customer fraud, they were aiding and abetting such fraud."

- "[The GDS defendants] should not be allowed to claim that the fraud of their customers including Levine Properties cannot be imputed to them ...."

(Plaintiff's Response, Section II.) Based upon the foregoing arguments, it remains apparent that Plaintiff cannot state a claim for fraud against the GDS Defendants. Plaintiff is merely trying to somehow "impute" the alleged fraud committed by GDS' customers to GDS and its employees. Plaintiff has stated no legal basis, nor are Defendants aware of any legal basis, for imputing an alleged fraud by one party to a completely unrelated party. In fact under Plaintiff's alleged facts, GDS would be the victim of alleged fraud, not the perpetrator of any fraud. Consequently, this claim against the GDS Defendants must be dismissed.

### B. Plaintiff Has Not Stated a Defamation Claim

Likewise, Plaintiff fails to rebut Defendants' argument that he has not stated a claim for defamation against any of the GDS Defendants. In his response, Plaintiff again points to an alleged defamatory fax written by Defendant Roadcap, an employee of Levine Properties. (Plaintiff's Response, Section III.) For the first time, Plaintiff also contends that Defendant Rocco (a GDS employee) wrote a defamatory letter to Defendant Bevacqua (another GDS employee). However, Plaintiff fails to specify the contents of said letter[1] or to address the legal principle that "[s]tatements between employees made within the course and scope of their employment do not constitute publications for the purpose of defamation." Johnson v. Delchamps, Inc., 715 F. Supp. 1345, 1347 (M.D. La. 1989), aff'd, 897 F.2d 808 (5th Cir. 1990).

In connection with his deficient defamation claim, Plaintiff also appears to argue that he has a claim against one or more of the GDS Defendants for tortious interference with contract. (Plaintiff's Response, Section IV.) Again, if Plaintiff intends to allege tortious interference with his employment relationship, the cause of action lies against the person, not a party to the contract, who induced a breach of the contract. See United Labs., Inc. v. Kuykendall, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). Plaintiff cannot state a claim against GDS for interference with its own alleged contract of employment of Defendant. Furthermore, Plaintiff cannot state such a claim against Defendant Rocco because at most, Plaintiff contends that Defendant Rocco was merely conveying a statement made by Defendants Roadcap and Levine Properties that indirectly concerned Plaintiff's job performance. In fact, Plaintiff cannot state a claim of interference against any

---

[1] Plaintiff's Response indicates that a copy of the letter is attached to the Response as Exhibit G, but Defendants did not receive copies of any exhibits cited by Plaintiff.

RAL:204708.1

Case 3:00-cv-00294-GCM   Document 24   Filed 09/26/00   Page 3 of 9

individual employee of GDS. As explained in Defendants' Memorandum of Law in Support of Motion to Dismiss, neither the alleged letter from Defendant Rocco to Defendant Bevacqua nor any statement communicated among the GDS Defendants can constitute interference by defamation because "when officers and employees of a corporation act within the scope of their employment and within the line and scope of their duties, they are not third persons vis-a-vis the corporation." Hayes v. Wal-Mart Stores, Inc., 953 F. Supp. 1334, 1340 (M.D.Ala. 1996) Thus, Plaintiff still has not stated any claim against the GDS Defendants.

C.  **Plaintiff Has Not Stated a Negligence Claim**

Plaintiff's Response adds further support to Defendants' position that Plaintiff has failed to state a claim for negligence against the GDS Defendants. For instance, Plaintiff cites cases which stand for the proposition that a complaint for negligence must allege facts showing negligence and "facts showing the negligent act was a proximate cause of the injuries of which plaintiff complains." Green v. Isenhour Brick & Tile Co., 263 N.C. 503, 505, 139 S.E.2d 538, 540 (1965). As demonstrated in Defendants' Memorandum of Law in Support of Motion to Dismiss, Plaintiff has not alleged any of the required elements necessary to state a negligence claim.

D.  **Republic Is Not a Proper Party**

Plaintiff contends that Republic may be a proper defendant under either a "joint employer" or "single employer" theory. Plaintiff's Amended Complaint, however, states no facts to support either of these theories. Plaintiff has named Republic as a Defendant on the sole basis that Republic is the parent company of GDS – the only fact about Republic that is disclosed in the Declaration of Kenneth Baylor. Furthermore, in Plaintiff's Response, Plaintiff himself identifies GDS as the party who allegedly "wrongly and discriminatorily terminated plaintiff' [sic] employment ...." (Plaintiff's

4

RAL:204708.1

Response, Statement of the Facts.) Plaintiff has failed to allege facts sufficient to justify the inclusion of Defendant Republic as a defendant in this case.

E. **Plaintiff Has Failed to State a Title VII Claim**

Plaintiff's Response contains nothing to counter Defendants' Motion to Dismiss Plaintiff's Title VII claims. First, Plaintiff repeatedly protests Defendants' argument that individual supervisors cannot be held liable under Title VII. Plaintiff presents no legal authority, however, to counter Defendants' position or the Fourth Circuit's holding in Lissau v. Southern Food Service, Inc., 159 F.3d 177 (4th Cir. 1998). Second, Plaintiff argues that GDS must establish an affirmative defense to prevail in a Title VII action. The affirmative defense is irrelevant to Plaintiff's ability to establish a prima facie case and the analysis of Defendants' 12(b)(6) motion.

Finally, Plaintiff's Response actually substantiates Defendants' position that Plaintiff has conceded that any adverse employment action against him arose from customer complaints, not from any racial discrimination. For example, Plaintiff states that "... since plaintiff complained of the acts of the fraud by 'GDS' customers, including Levine Properties, plaintiff complained of the racially motivated preferred treatment by defendant ...." (Plaintiff's Response, Section VII.) Plaintiff also states that Defendants "attempted to blame and did blame or otherwise accused [sic] plaintiff of poor job performance ...." (Plaintiff's Response, Statement of the Facts.) By Plaintiff's own description of events, Defendants never acted out any discriminatory animus and Plaintiff never even complained of such conduct. Accordingly, Plaintiff's Title VII claims against both the corporate and individual GDS Defendants should be dismissed.

## F. Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress

In his Response, Plaintiff fails to cite any facts or law that will salvage his deficient claim for intentional infliction of emotional distress.

## G. Plaintiff's Release of GDS Is Unambiguous and Controlling

Plaintiff futilely argues that he has not released GDS from all claims arising from his employment. The law applicable to interpreting releases is clear:

> [R]eleases are contractual agreements between the parties and, as such, the Court's job is to determine the intent of the parties. The language of the agreement between the parties embodies that intent, and where that language is unambiguous, the written agreement controls.

Broussard v. Meineke Discount Muffler Shops, Inc., 958 F. Supp. 1087, 1094 (W.D.N.C. 1997), rev'd on other grounds, 155 F.2d 331 (4th Cir. 1998); see also, Paul Revere Life Ins. Co. v. Forester, 32 F. Supp.2d 352 (W.D.N.C. 1998) (where contract language is clear and unambiguous, under North Carolina law, courts cannot look beyond the terms to determine the parties' intent); Martin v. Vance, 133 N.C. App. 116, 514 S.E.2d 306 (1999) (if contract language is clear and unambiguous, the court must interpret the contract as written.)

The settlement agreement signed by Plaintiff states unequivocally: "Complainant ... releases and forever discharges Respondent of and from <u>any and all actions related to his employment with GDS</u> ...." (Baylor Declaration, Ex. A, p.2) (emphasis added).) The clear and unambiguous language of the foregoing release must be applied as written. As indicated by the authority cited above, the

6

RAL:204708.1

Case 3:00-cv-00294-GCM   Document 24   Filed 09/26/00   Page 6 of 9

Court can give no consideration to Plaintiff's baseless claims that he was told otherwise or intended otherwise. Likewise, the existence of any other purported action against GDS is irrelevant.[2]

Furthermore, Plaintiff himself has established that he received notice of his right to sue under Title VII before he executed the release. (See Exhibit to Plaintiff's Complaint, Notice of Right to File issued March 16, 2000; Baylor Declaration, Ex. A., settlement agreement executed by Plaintiff on May 23, 2000.) Consequently, all claims against Defendant GDS, including those alleged under Title VII, must be dismissed.

## III. CONCLUSION

For the reasons set forth in Defendants' Memorandum of Law in Support of Motion to Dismiss and those set forth above, Defendants GDS, Republic, Bevacqua and Rocco respectfully request that Plaintiff's claims against them be dismissed. Defendants further request that the Court recognize that Plaintiff's claims also fail as to Defendant Shaw in the event that Plaintiff properly serves Defendant Shaw.

---

[2] By way of information, the only other matter between Plaintiff and GDS, of which GDS is aware, is a workers' compensation claim pending before the North Carolina Industrial Commission.

This the 25th day of September, 2000.

By: /s/ Patricia T. Munchel
Patricia T. Munchel
N.C. State Bar No. 21212
Keith Weddington
N.C. State Bar No. 14352
Parker, Poe, Adams & Bernstein L.L.P.
Post Office Box 389
Raleigh, North Carolina 27602-0389
(919) 828-0564
(919) 834-4564

8

RAL:204708.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply of Defendants Garbage Disposal Service, Republic Services, Inc., Bevacqua and Rocco to Plaintiff's Opposition to Defendants' Motion to Dismiss was served on the parties who have appeared in this action on this day by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows:

Edward Anderson
Route 5, Box 189
Wadesboro, NC 28170

John R. Buric
600 S. College Street
Charlotte, NC 28202
Attorney for Defendant Levine Properties

This the 25th day of September, 2000.

Patricia T. Munchel