IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:00-CV-294-MU

FILED
CHARLOTTE, N.C.
SEP 26 2000
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| EDWARD ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARBAGE DISPOSAL SERVICE )<br>REPUBLIC SERVICES, INC., )<br>DAVE BEVACQUA, FRANK ROCCO, )<br>ELIJAH SHAW, LEVINE PROPERTIES, )<br>)<br>Defendants. ) | RESPONSE OF DEFENDANTS<br>GARBAGE DISPOSAL SERVICE,<br>REPUBLIC SERVICES, INC.,<br>BEVACQUA AND ROCCO TO<br>PLAINTIFF'S MOTION TO STRIKE |

Defendants Garbage Disposal Service, Republic Services, Inc., Dave Bevacqua, and Frank Rocco hereby respond to Plaintiff's Motion to Strike, filed September 12, 2000. In his motion, *pro se* Plaintiff appears to be asking the Court to strike portions of the Memorandum of Law filed in support of Defendants' Motion to Dismiss. Defendants hereby request that Plaintiff's Motion to Strike be denied. Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ. P. 12(f) (emphasis added). First, Defendants' Memorandum of Law is not a "pleading" and therefore not subject to Rule 12(f). See Knight v. United States, 845 F. Supp. 1372, 1374 (1993) (motion to strike cannot be used to challenge a motion to dismiss), aff'd, 77 F.3d 489 (9th Cir. 1996), cert. denied, 519 U.S. 894, 117 S.Ct. 238, 136 L.Ed.2d 168 (1996).

RAL:204288.1

Second, Plaintiff has not alleged or proven any of the bases upon which a motion to strike can be granted. A party moving to strike "must show that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of consideration ... and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Hartsell v. Duplex Products, Inc., 895 F. Supp. 100, 101 (W.D.N.C. 1995) (quoting 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 138 (1990)), aff'd, 123 F.3d 766 (1997). A party's disagreement with an argument, such as in this case, is not a sufficient basis for an order to strike. The contents of Plaintiff's Motion should instead be considered part of Plaintiff's opposition to Defendants' Motion to Dismiss.

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Strike be denied.

This the 25 day of September, 2000.

By: /s/ Patricia T. Munchel
Patricia T. Munchel
N.C. State Bar No. 21212
Keith Weddington
N.C. State Bar No. 14352
Parker, Poe, Adams & Bernstein L.L.P.
Post Office Box 389
Raleigh, North Carolina 27602-0389
(919) 828-0564
(919) 834-4564

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response of Defendants Garbage Disposal Service, Inc., Republic Services, Inc., Bevacqua, and Rocco to Plaintiff's Motion to Strike was served on the parties who have appeared in this action on this day by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows:

Edward Anderson
Route 5, Box 189
Wadesboro, NC 28170

John R. Buric
600 S. College Street
Charlotte, NC 28202
Attorney for Defendant Levine Properties

This the 25th day of September, 2000.

_____
Patricia T. Munchel