FILED
CHARLOTTE, N. C.
NOV 27 2000
U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:00-CV-294-MU

| | |
|---|---|
| EDWARD ANDERSON, ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM OF LAW |
| ) | IN SUPPORT OF |
| v. ) | MOTION TO DISMISS |
| ) | OF DEFENDANT |
| GARBAGE DISPOSAL SERVICE ) | ELIJAH SHAH |
| REPUBLIC SERVICES, INC., ) | |
| DAVE BAVACQUA, FRANK ROCCO, ) | |
| ELIJAH SHAW, LEVINE PROPERTIES, ) | |
| ) | |
| Defendants. ) | |

Defendant Elijah Shah[1] submits this memorandum in support of his motion to dismiss this action pursuant to Federal Rules of Civil Procedure Rules 12(b)(1), (5), (6). Defendant Shah moves to dismiss this action for failure to state a claim upon which relief can be granted for the same reasons previously submitted and argued by Defendants Garbage Disposal Service ("GDS"), Republic Services, Inc. ("Republic"), Dave Bevacqua, and Frank Rocco (collectively the "GDS Defendants"). Defendant Shah also moves to dismiss for lack of subject matter jurisdiction and insufficient service of process.

I. **DEFENDANT SHAH JOINS THE GDS DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

On August 18, 2000, Defendants GDS, Republic, Bevacqua and Rocco moved to dismiss this action for failure to state a claim upon which relief can be granted. At that time, Plaintiff had not

---

[1] Mr. Shah's last name has previously been misspelled as "Shaw" in court filings.

RAL:200531.3

Case 3:00-cv-00294-GCM   Document 33   Filed 11/27/00   Page 1 of 8

yet attempted service of process on Defendant Shah. By letter dated October 16, 2000, Plaintiff informed the Court that on October 16, 2000, "Elijah Shah was located and was served with the complaint" in this action. (Exhibit A.)

As explained in Section III below, Plaintiff has not properly served Defendant Shah with the Summons and Amended Complaint. However, if it is determined that Defendant Shah has been properly served, the action against him must be dismissed for failure to state a claim upon which relief can be granted. Defendant Shah, a former employee of GDS, was employed by GDS at the time of the alleged events giving rise to Plaintiff's claims. (Shah Decl., ¶ 1; Amended Complaint, ¶ 12.) This action must be dismissed as to Defendant Shah for the same reasons set forth in the Memorandum of Law in Support of Motion to Dismiss filed by Defendants GDS, Republic, Bevacqua and Rocco on August 18, 2000.

Additionally, this action should be dismissed as to Defendant Shah because Plaintiff expressly states in his Amended Complaint that he "seeks no damages against this defendant." (Amended Complaint, ¶ 12.) The only injunctive relief sought by Plaintiff pertains to alleged violations of Title VII. (Amended Complaint, ¶ 12.) As an individual, Defendant Shah cannot be held liable under Title VII. Lissau v. Southern Food Service, Inc., 159 F.3d 177 (4th Cir. 1998). Plaintiff's failure to seek any damages from Defendant Shah provides yet another reason why all claims should be dismissed as to Defendant Shah. If Plaintiff does not allege that Defendant Shah caused him injury, he fails to allege a required element of any of the common law claims that he is attempting to allege (e.g., fraud, defamation, negligence, intentional infliction of emotional distress). Because Plaintiff seeks no damages from Defendant Shah and cannot recover any other form of relief as to him, this action should be dismissed as to Defendant Shah.

## II. PLAINTIFF'S ACTION MUST BE DISMISSED AS TO SHAH FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiff's failure to seek damages from Defendant Shah also renders this action subject to dismissal for lack of subject matter jurisdiction. An actual case or controversy is a prerequisite to the exercise of jurisdiction under Article III of the Constitution. Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997). Standing is an "essential component" of this requirement. Id. "In order to have standing in federal court, a federal complainant must demonstrate: (1) he has suffered an actual or threatened injury; (2) a causal connection between the injury complained of and the challenged action; and (3) the injury can be redressed by a favorable decision." Id. (Internal citations omitted.) If Plaintiff seeks no damages or other relief from Defendant Shah, he cannot establish any of the three elements required in order to have standing to bring a case against Defendant Shah in federal court. Consequently, this action should also be dismissed as to Defendant Shah for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## III. PLAINTIFF'S ACTION MUST BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS ON DEFENDANT SHAH.

Plaintiff failed completely to serve Defendant Shah with the summons issued in this action. (Shah Decl., ¶ 4.) Federal Rule of Civil Procedure 4(c) makes clear that service of the summons and complaint is necessary to give notice to a defendant and to assert jurisdiction over him. Fed.R.Civ.P. 4(c)(1) and 4(e); see also Boyles v. Boyles, 308 N.C. 488, 495, 302 S.E.2d 790, 795 (1983) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure, § 1063, at 204; 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1353, at 580 (1969)). Furthermore, Defendant Shah received the Amended Complaint from his employer at his current place of employment, Waste Management of the Carolinas. (Shah Decl., ¶ 2.) Plaintiff did not deliver the complaint *personally* to Defendant

Shah at his place of employment. (Shah Decl., ¶ 3.) The complaint was delivered to Waste Management by unknown means and then given to Defendant Shah by an agent of his employer. (Shah Decl., ¶ 2.) Delivering a complaint to an individual's place of employment is improper. Consequently, this action must be dismissed as to Defendant Shah for insufficient service of process.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service upon an individual from whom a waiver has not been obtained may be effected in any judicial district of the United States:

(1) Pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of the general jurisdiction of this State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

The North Carolina Rules of Civil Procedure provide that service may be effected upon a natural person by one of three means:

a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute; or

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C.R.Civ.P. 4(j).

Plaintiff failed to serve Defendant Shah with a summons and complaint pursuant to any of the means authorized by either the Federal or North Carolina Rules of Civil Procedure. His delivery of the complaint to Defendant's place of employment without personally delivering it to Defendant Shah constitutes insufficient service of process under both federal and state law. See Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir.) 1998 ("leaving a copy of the summons at the defendant's place of employment, when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process"); Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir.), cert. denied, 510 U.S. 828, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993); Lowe v. Hart, 157 F.R.D. 550 (Dist. Ct. Fla. 1994); Hall v. Lassiter, 44 N.C. App. 23, 25, 260 S.E.2d 155, 15, rev. denied, 299 N.C. 330, 265 S.E.2d 395 (1979).

Under both federal and North Carolina law, plaintiff's attempt to serve Defendant Shah at his place of employment by leaving a copy of the Amended Complaint there was clearly improper. Consequently, this action must be dismissed as to Defendant Shah for insufficient service of process.

## CONCLUSION

For the reasons set forth above and those set forth in the motion to dismiss previously filed by the other GDS Defendants, Defendant Shah respectfully requests that the action against him be dismissed.

This the 27th day of November, 2000.

By: /s/ Keith M. Weddington
Patricia T. Bartis
N.C. State Bar No. 21212
Keith Weddington
N.C. State Bar No. 14352
Parker, Poe, Adams & Bernstein L.L.P.
Post Office Box 389
Raleigh, North Carolina 27602-0389
(919) 828-0564

6

RAL:200531.3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law in Support of Motion to Dismiss of Defendant Shah was served on the parties to this action on this day by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows:

Edward Anderson
Route 5, Box 189
Wadesboro, NC 28170

John R. Buric
600 S. College Street
Charlotte, NC 28202
Attorney for Defendant Levine Properties

This the 27th day of November, 2000.

_____
Keith M. Weddington

7

RAL:200531.3

October 16, 2000

The Honorable Frank G. Johns
Clerk, United States District Court
for the Western District of North Carolina
Charles R. Jonas Federal Bldg.
401 W. Trade Street
Charlotte, North Carolina 28202

    RE: <u>Amended Complaint - Anderson v. GDS, et al, Case No. 3:00 CV 294 MU</u>
        (United States District Court for the Western District of North Carolina)

Dear Clerk Johns:

    Pleased be informed that on October 16, 2000, defendant, Elijah Shaw was located and was served with the complaint in the above referenced matter. Enclosed please find the original summons which was served upon Elijah Shaw, also enclosed are copies of the signed return receipts indicating service upon the other defendants in the above referenced matter as well. By copy of this letter, the defendants counsel is also informed of said service.

                                      Sincerely,

                                      Edward Anderson

EA/ea
Enclosure
cc: James, McElroy & Diehl
    Parker, Poe, Adams & Bernstien
    Elijah Shaw
    File

**EXHIBIT A**