IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00CV294-MU

| | |
|---|---|
| EDWARD ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| GARBAGE DISPOSAL SERVICE, REPUBLIC ) | |
| SERVICES, INC., DAVE BAVACQUA, FRANK ) | |
| ROCCO, ELIJAH SHAH, TOBY ROADCAP, ) | |
| LEVINE PROPERTIES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court upon the Motion to Dismiss of Defendants Garbage Disposal Service ("GDS"), Republic Services, Inc. ("Republic"), Dave Bevacqua, and Frank Rocco, filed August 18, 2000, Plaintiff's Response, filed September 12, 2000, Defendants' Reply, filed September 26, 2000, and Plaintiff's "Reply Memorandum of Law", filed October 5, 2000. The Court notes that on November 27, 2000, Defendant Elijah Shah sought to join in this Motion to Dismiss, and by an Order dated December 13, 2000, the Court stated that its decision on this Motion would be applicable to Defendant Shah.

On June 16, 2000, Plaintiff filed a complaint in this Court against the named Defendants. On August 2, 2000, Plaintiff filed an amended complaint. The amended complaint seeks relief based on four causes of action: fraud, negligence, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), and intentional infliction of emotional distress. Plaintiff claims jurisdiction over his Title VII claim is proper pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff claims that jurisdiction is proper over his remaining state law

claims pursuant to the supplemental jurisdiction statute. See 28 U.S.C. § 1367.

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). However, in considering a 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b). In the present matter, both parties have submitted materials outside the pleading, so the Court believes it should treat this motion as one for summary judgment.

Plaintiff alleges that "Defendants, GDS and Republic" have engaged in various violations of Title VII. As a preliminary matter, individuals cannot be held liable under Title VII. See Lissau v. Southern Food Service, Inc., 159 F.3d 177 (4th Cir. 1998). Consequently, the complaint must be dismissed as to Defendants Dave Bevacqua and Frank Rocco.

The Court also finds that Plaintiff's complaint must be dismissed as to GDS and Republic. In November 1999, Plaintiff filed a retaliatory discharge complaint against GDS with the North Carolina Department of Labor. Plaintiff and GDS subsequently entered into a settlement agreement. Under the terms of the settlement agreement, Plaintiff "release[d] and forever discharge[d] [GDS] of and from any and all actions related to [Plaintiff's] employment with GDS . . . ." While the quoted language represents only a portion of the (less than artfully drawn) release, the Court believes that the both the language and the intent of the agreement effect a general release. Because the Court finds that Plaintiff has released Defendant from any liability related to his employment at GDS, Plaintiff's Title VII claims must be dismissed.

Plaintiff's remaining claims are state law causes of action. There is no diversity between the Plaintiff and any of the Defendants, much less the complete diversity required under our cases. See e.g., Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). Thus, the court is without authority to rule on the merits of Plaintiff's claims, and the balance of Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Title VII claim for failure to state a claim upon which relief can be granted is hereby GRANTED. IT IS FURTHER ORDERED that the remaining claims are dismissed for lack of subject matter jurisdiction.

This the 18th day of December, 2000.

*Graham C. Mullen*
CHIEF UNITED STATES DISTRICT JUDGE
GRAHAM C. MULLEN

United States District Court
for the
Western District of North Carolina
December 18, 2000

bsw

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:00-cv-00294

True and correct copies of the attached were mailed by the clerk to the following:

    Edward Anderson
    Rt 5
    Box 189
    Wadesboro, NC 28170

    Patricia Munchel Bartis, Esq.
    Parker, Poe, Adams & Bernstein
    P. O. Box 389
    Raleigh, NC 27602

    Keith M. Weddington, Esq.
    Parker, Poe, Adams & Bernstein
    401 S. Tryon St., Suite 3000
    Three First Union Center
    Charlotte, NC 28202

    John R. Buric, Esq.
    James, McElroy & Diehl
    600 S. College St.
    Charlotte, NC 28202

cc:
Judge ( )
Magistrate Judge ( )
U.S. Marshal ( )
Probation ( )
U.S. Attorney ( )
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Court Reporter ( )
Courtroom Deputy ( )
Orig-Security ( )
Bankruptcy Clerk's Ofc. ( )
Other_____ ( )

Date: 12-18-00

Frank G. Johns, Clerk
By: *Wallace*
Deputy Clerk